UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. SCHLAGENHAFT,

            Plaintiff,

v.                                                Case No. 18-cv-2022-pp

BROWN COUNTY JAIL,

            Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT (DKT. NO. 1) AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT**

      At the time he filed his complaint, the plaintiff was a Wisconsin pre-trial detainee in the Brown County Jail;[1] representing himself, he filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated his civil rights at the Brown County Jail. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for leave to proceed without prepaying the filing fee (Dkt. No. 2)**

      The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, if he meets certain conditions. One of

---

[1] The Wisconsin Department of Corrections inmate locator web site indicates that the plaintiff now is incarcerated at the Columbia Correctional Institution. https://appsdoc.wi.gov/lop/detail.do.

1

those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On December 28, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $ 0.70. Dkt. No. 5. On January 29, 2019, the plaintiff filed a letter explaining that he could not pay the amount. Dkt. No. 8-1. The court is satisfied that the plaintiff neither has the assets nor the means to pay. See 28 U.S.C. § 1915(b)(4). The court will waive the initial partial filing fee and require the plaintiff to pay the filing fee over time in the manner explained at the end of this order.

**II.    Screening the plaintiff's complaint**

A.    Federal Screening Standard

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain enough facts, accepted as true, that they make the complaint "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States and whoever deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

    B.    The Plaintiff's Allegations

The plaintiff states that the Brown County Jail inmate handbook specified that inmates would be provided access to showers daily, unless they were in administrative confinement or disciplinary/special needs units, in which case they would get one shower per week. Dkt. No. 1 at 2. The plaintiff explains that his administrative confinement order stated that he would not be allowed out for a secured or unsecured shower and that he would not have access to his sink water. Id. at 2-3. The plaintiff alleged that his last shower was on November 21, 2018 (he filed his complaint December 26, 2018). Id. at 1. The plaintiff explains that he filed an inmate grievance regarding the issue because denial of a shower and access to sink water is a violation of prison

3

policy. Id. at 2. He says that on December 3, 2018, the Brown County Jail concluded that his inmate grievance (presumably about the denial of showers and sink water) was "unfounded and closed." Id. at 3. The plaintiff believes that this occurred in retaliation for his behavior and conduct tickets and says that it is cruel and unusual punishment. Id. For relief, the plaintiff seeks monetary damages and a hand-written apology from the owner of the jail, as well as a written agreement that "these methods/orders of [corporal] conditions of confinement & cruel and unusual punishment will cease to further proceed in the future against any and all inmates." Id. at 4.

C.     The Court's Analysis

The Eighth Amendment prohibits "cruel and unusual" punishment U.S. CONST. AMEND. VIII. "Jail officials violate the Eighth Amendment if they are deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities' . . . including adequate sanitation and personal hygiene items." Budd v. Motley, 711 F.3d 840, 842 (7th Cir. 2013) (internal citations omitted). The jail official must be "aware of facts from which the inference could be drawn" and "he also must draw the inference." Moore v. Germaine, No. 18-cv-01378-JPG, 2018 WL 4027575, at *2 (S.D. Ill. Aug. 23, 2018). While a pretrial detainee's conditions-of-confinement claim arises under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment's prohibition against cruel and unusual punishment, there is "little practical difference between the two standards." Velez v. Johnson, 395

4

F.3d 732, 735 (7th Cir. 2005) (quoting Weiss v. Cooley, 230 F.3d 1-27, 1032 (7th Cir. 2000)).

The plaintiff's complaint cannot proceed as it is for two reasons. First, the plaintiff cannot sue the Brown County Jail under §1983. Gill v. Brown Cty. Jail, No. 17-CV-873-PP, 2018 WL 3014834, at *3 (E.D. Wis. June 15, 2018). The Brown County Jail is a part of Brown County, not a free-standing legal entity that can be sued in its own right. Gambrell v. Brown Cty. Jail Health Servs., No. 15-C-1146, 2015 WL 6873229, at *2 (E.D. Wis. Nov. 9, 2015) (holding that Brown County Jail is neither a "suable entit[y] under § 1983" nor a "legal entit[y] separate from the county government and therefore not subject to suit"). The Brown County Jail is not a proper defendant.

Second, although the plaintiff may have a "conditions of confinement" claim regarding the denial of a shower and access to cleaning water for a period of time, he has not identified who was responsible for imposing these unsanitary conditions or what injury he suffered as a result of the unsanitary conditions. Section 1983 limits liability to jail officials who are personally responsible for a constitutional violation. See Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). To be liable, the *individual* defendant must have caused or participated in a constitutional violation. See Hildebrandt v. Ill. Dept. of Nat. Res., 347 F.3d 1014, 1039 (7th Cir. 2003). For the plaintiff to proceed on these claims, he must identify the specific people who imposed his administrative confinement orders, or who denied him access to a shower and to the water in his sink.

5

The plaintiff also hasn't explained what injury he suffered from the denial of showers and access to water. He doesn't explain how long he was forced to go without a shower or without the means to wash himself. He does not say what happened to him as a result of being unable to take a shower or wash himself. The plaintiff notes that it is a violation of prison policy to deny showers and access to water, but violation of a prison policy alone does state a constitutional claim. The Seventh Circuit has held that violation of an administrative rule "is not the same thing as the violation of the Constitution." White v. Henman, 977 F.2d 292, 295 (7th Cir. 1992). "[A] prison's noncompliance with its internal regulations has no constitutional import . . . ." Rivera v. Davis, 50 Fed. App'x 779, 780 (7th Cir. 2002).

The court will allow the plaintiff to file an amended complaint. When writing his amended complaint, the plaintiff should provide the court with enough facts to answers to the following questions: 1) Who—which specific individuals—violated his constitutional rights?; 2) How did each person violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did to violate the plaintiff's rights. If the plaintiff does not know the names of the people who signed the administrative confinement orders or who denied him showers and access to washing, he may refer to them as "John

6

Doe" or "Jane Doe" and then describe them—Jane Doe security chief, or John Doe male guard working the first shift on the X unit, *etc.*

The court is enclosing a copy of its complaint form and instructions. The plaintiff should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—18-CV-2022—in the field for "Case Number." He must list all the defendants in the caption of the complaint. He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaint and must be complete in itself. Plaintiff cannot simply say, "Look at my first complaint for further information." See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If the plaintiff files the amended complaint by the deadline, the court will screen it under 28 U.S.C. §1915A. If the plaintiff no longer wishes to proceed with this case, he need not do anything. If the plaintiff does not file the amended complaint in time for the court to receive it by the date the court provides below, the court will dismiss the case without further notice or hearing.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$350** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court **ORDERS** that the plaintiff must file an amended complaint that complies with the instructions in this decision. The court **ORDERS** that the plaintiff must file the amended in time for the court to receive it by the end of the day on **August 31, 2020.** If the court does not receive an amended complaint by the end of the day on August 31, 2020, the court will dismiss the case on the next business day.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 14th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

9

Case 2:18-cv-02022-PP   Filed 07/14/20   Page 9 of 9   Document 10