UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. SCHLAGENHAFT,

       Plaintiff,

       v.                                               Case No. 18-cv-2022-bhl

LT. HALASI, LT. TIMERCK,
LT. SCHARTNER,

       Defendants.

## ORDER

     Plaintiff Michael A. Schlagenhaft, representing himself, filed a complaint alleging that "the Brown County Jail" violated his civil rights under 42 U.S.C. §1983 by denying him access to showers. (ECF No. 1.) On July 14, 2020, the court screened Schlagenhaft's complaint, explained two fundamental defects with that complaint, and gave him additional time (until August 31, 2020) to file an amended complaint fixing the deficiencies. More specifically, he was directed to identify the individuals he claims denied him access to showers and explain what injury he suffered from not showering. (ECF No. 10.) Schlagenhaft timely filed an amended complaint on August 19, 2020. (ECF No. 11.) This order screens the amended complaint.

### SCREENING THE COMPLAINT

**A.    Federal Screening Standard**

     As explained in the original screening order, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

     In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. Allegations in the Complaint

Schlagenhaft alleges that the Brown County Jail inmate handbook "states that inmates will be provided access to showers daily, exceptions are for those that are in administrative confinement and disciplinary/special needs units who at minimum will receive access to a shower once a week." (ECF No. 11 at 2.) He states that his administrative confinement order contradicted the inmate handbook because it denied him access to a shower or access to water from his sink. (*Id.*) In his December 26, 2018 complaint, Schlagenhaft alleges his last shower was on November 21, 2018. (*Id.*) He does not allege when he finally was able to shower, but the Court notes some time has passed since he filed his original complaint and the filing of his amended complaint. For purposes of the original screening order, the Court inferred that as of the date of the filing of the original complaint, he still had yet to shower. (ECF No. 10 at 3.) As a result of not being able to shower, Schlagenhaft asserts he suffered from rashes, warts, and "having a foul smell around me." (ECF No. 11 at 3.)

Schlagenhaft filed a grievance complaining that his administrative confinement order violated his rights and alleges that the defendants "unfounded and closed" his grievance in retaliation for his "past and recent behavior and tickets." (*Id.* at 2-3.) He seeks punitive damages and $50,000 for his pain and suffering. (*Id.* at 3.)

### C. Analysis

In the original screening order, the court acknowledged that Schlagenhaft "may have a 'conditions of confinement' claim regarding the denial of a shower and access to cleaning water for a period of time, [but] he has not identified who was responsible for imposing these unsanitary conditions

2

or what injury he suffered as a result of the unsanitary conditions." (ECF No. 10 at 5.) As such, the court offered the plaintiff the opportunity to amend his complaint to identify the defendants who either imposed the administrative confinement order or who denied him access to a shower or his sink water and to specify the injury he suffered. (*Id.*) In his amended complaint, the plaintiff alleges that he suffered from rashes, warts, and a foul smell, thus specifying his injury but still does not identify the specific individuals who were responsible for the administrative confinement order or who denied him access to the shower and his sink. (ECF No. 11 at 3.)

This is insufficient to state a conditions of confinement claim. As explained in the July 14, 2020 screening order, only *individuals* who have caused or participated in a constitutional violation can be found liable under §1983. (ECF No. 10 at 5); *see Burkes v. Raemish*, 555 F.3d 592, 595-96 (7th Cir. 2009); *Hildebrandt v. Ill. Dep. of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). While Schlagenhaft does name individual defendants in his amended complaint, he alleges that they were responsible not for the confinement order or for denying him access to a shower, but instead contends they denied his subsequent grievance related to the administrative confinement order. This too is insufficient. Jail officials who deny grievances "but who otherwise did not cause or participate in the underlying conduct" cannot be held liable under §1983. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). Thus, the defendants cannot be held liable for Schlagenhaft's condition of confinement claim and, because the plaintiff names no other individual defendants who may be responsible, he may not proceed on the conditions of confinement claim.

Schlagenhaft's amended complaint alleges that the defendants retaliated against him by denying his grievance concerning the unconstitutionality of his administrative confinement order. That is a new claim, but it also fails. To state a retaliation claim, a plaintiff must allege that "(1) [the plaintiff] engaged in an activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Schlagenhaft alleges that the defendants denied his grievance in retaliation for "his past and recent behavior and tickets." (ECF No. 11 at 2-3.) Schlagenhaft's filing of a grievance is an activity protected by the First Amendment. *See Dobbey v. Ill. Dept. of Corrections*, 574 F.3d 443 (7th Cir. 2009). But he does not allege that he was retaliated against because he filed the grievance; instead he claims the defendants retaliated against him because of *his past and recent misconduct*, which is not an activity protected by the First Amendment. As such, the plaintiff cannot proceed on a retaliation claim against the defendants. The plaintiff fails to state a claim upon which relief can be granted, and the Court dismisses

3

his case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

**IT IS FURTHER ORDERED** that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 13th day of October, 2020.

s/ Brett H. Ludwig
Brett H. Ludwig
United States District Judge